## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEIL J. MORIARTY, | : | CIVIL ACTION |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| ABERDEEN ASSET MANAGEMENT, | : | |
| INC., | : | |
| Defendant. | : | |

## C O M P L A I N T

1.      Acts of age discrimination in employment "have a devastating effect on the dignity of the individual and result in a staggering loss of human resources vital to the national economy." Western Air Lines, Inc. v. Criswell, 472 U.S. 400, 410 (1985).

2.      To prohibit those acts, in 1967 Congress passed and the President signed into law the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). So too, Pennsylvania, in 1955, enacted its own Human Relations Act which made it unlawful for employers to discriminate against workers on account of their age, 43 Pa.C.S.A. § 955(a) ("PHRA").

3.      This case, brought by plaintiff Neil J. Moriarty, is yet another example of why those laws were enacted and why their remedies are necessary to make victims of age discrimination whole for the injuries caused as a result of their employers' unlawful conduct.

4.    Mr. Moriarty, a well-respected and highly-qualified manager of state, municipal and other fixed income accounts, was denied a promotion by defendant, Aberdeen Asset Management, Inc. ("Aberdeen"), to the position of Head of North American Fixed Income.  The denial had nothing to do with merit, his qualifications or his fitness to do the job.  Quite the contrary.  He was denied the position in favor of a much younger man who was not only less qualified and experienced than he was, but who also did not even meet the stated minimum criteria for the job.

5.    Nor was that all.  Upon questioning Aberdeen's senior executives about being denied the position, Mr. Moriarty, 50 years old at the time,  was told that he "looked older than he was,"  that the selected candidate  "would be in place longer"  and Aberdeen was  "targeting older people"  for job separations.

6.    Following an internal complaint of age discrimination, Mr. Moriarty was subjected to sundry acts of retaliation by Aberdeen, including being marginalized; excluded from critical business meetings and strategic decisions;  forbidden from attending client meetings with a long-time Aberdeen colleague;  subjected to ridicule (he was referred to as an  "asshole");  and told by his boss that he was not the  "right fit"  for Aberdeen and was  "disliked"  by members of Aberdeen's management board.

7.    To redress these unlawful acts, Mr. Moriarty brings this lawsuit against Aberdeen pursuant to the non-discrimination and non-retaliation provisions of the ADEA, 29 U.S.C. §§ 623(a)(1) and (d), and the corresponding provisions of the PHRA, 43 Pa.C.S.A. §§ 955(a) and (d).

2

**JURISDICTION**

8.      Subject matter jurisdiction over Mr. Moriarty's ADEA claim is conferred on the Court by 29 U.S.C. § 626(c)(1).

9.      The Court has supplemental jurisdiction over Mr. Moriarty's PHRA claim pursuant to 28 U.S.C. § 1367(a).

10.     The Court has personal jurisdiction over the parties since both Mr. Moriarty and Aberdeen reside and conduct business in the Eastern District of Pennsylvania.

**VENUE**

11.     Venue over Mr. Moriarty's claims is properly laid in this Court under 28 U.S.C. §§ 1391(b) and (c) since those claims arose in this judicial district and Aberdeen regularly conducts business here.

**PARTIES**

12.     Plaintiff Moriarty is a resident and citizen of the Commonwealth of Pennsylvania.  He resides at 1275 Farm Road, Berwyn, Pennsylvania 19312.

13.     Defendant Aberdeen is the wholly-owned United States subsidiary of Aberdeen Asset Management PLC, a global investment management firm headquartered in Scotland.  Defendant Aberdeen maintains a United States office located at 1734 Market Street, 32nd Floor, Philadelphia, Pennsylvania 19103, where plaintiff Moriarty works and where his claims for relief arose.

**EXHAUSTION OF ADMINISTRATION REMEDIES**

14. On December 22, 2014 Mr. Moriarty filed a charge of age discrimination and retaliation against Aberdeen with the Philadelphia Office of the U.S. Equal Employment Opportunity Commission, Charge No. 530-2015-01871.

15. Mr. Moriarty's charge was dual-filed with the Pennsylvania Human Relations Commission and docketed at Case No. 2015-01780.

16. This action has been filed in accordance with the suit-filing provisions of both the ADEA and PHRA.

**STATEMENT OF FACTS**

17. Now 52 years old (his date of birth is July 20, 1963), Mr. Moriarty is an experienced, highly qualified portfolio manager who for nearly the last 30 years has been employed by a number of well-known financial services companies.

18. Highly regarded in the industry, Mr. Moriarty has been the portfolio manager for an array of fixed income products throughout the course of his career.  In that regard, he has enhanced performance for his clients, managed a staff of analysts and interacted nationally and internationally with colleagues, business executives and global financial leaders.

19. In 2002 Mr. Moriarty became employed by a predecessor of Aberdeen which it (Aberdeen) later acquired.  Since the acquisition and through the present time, Mr. Moriarty has been employed as a Senior Portfolio Manager by Aberdeen.  In that capacity, he has served as:

- The Head of U.S. Core Short Duration and Structured Product strategies;

- The Senior Team member for structured credit, U.S. Core Plus, Opportunistic and Global Strategies;

- The Chair of Relative Value and Euro/U.S. investment grade strategy meetings;

- The Manager of a 5 member team of product analysts, researchers and traders; and

- The Coordinator of business development and relationship management teams that are responsible for clients, consultant relationships, product development and new business presentations.

20.    Throughout the course of his employment at Aberdeen, Mr. Moriarty has received praise for his performance and earned the trust and respect of his clients.

21.    On April 7, 2014 Aberdeen announced the appointment of Charles Tan to succeed Chris Gagnier as Head of North American Fixed Income.

22.    In selecting Mr. Tan, Aberdeen did not interview any candidates nor did it publish internally or externally any selection criteria for the position.  In fact, Aberdeen's decision to appoint Mr. Tan, an incumbent employee, was made covertly without any advance notice to potential candidates.

23.     Mr. Tan is much younger than Mr. Moriarty, has been employed by Aberdeen for a shorter period of time and has none of the broad-based experience or qualifications he has.

24.     Indeed, Mr. Moriarty was bypassed for the position even though, undisputedly, he was far more experienced and qualified for it than Mr. Tan.

25.     In that regard, whereas Mr. Moriarty had significant international experience working for Aberdeen, Mr. Tan had virtually none.  Moreover, while Mr. Moriarty regularly served as the relationship manager for a number of Aberdeen clients (including the States of Maryland, Minnesota and Mississippi, and the Major League Baseball Players Pension Fund), Mr. Tan had _never_ served in that capacity, had _never_ represented a single client or consultant of Aberdeen and had _never_ won or defended any piece of business for Aberdeen.

26.     Nor was Mr. Tan ever a member of the combined Philadelphia and New York Fixed Income teams prior to his promotion.  Yet, managing those teams was a significant component of the job duties and responsibilities of the person selected as Head of North America.  By contrast, Mr. Moriarty had been a key member of those teams for a long period of time.

27.     Moreover, unlike Mr. Moriarty, who was an integral part and manager of Aberdeen's Philadelphia fixed income team, Mr. Tan had _no_ experience representing or managing Aberdeen's Philadelphia-based business.   In fact, for most of his employment at Aberdeen, he had held subordinate and inferior positions to Mr. Moriarty.

6

28.     Indeed, Mr. Tan did not even meet Aberdeen's own written criteria for the position of Head of North American Fixed Income.  Specifically, he never before had managed portfolios through a full business cycle or won a client or headed one of Aberdeen's business sectors -- each of which was listed by Aberdeen as a necessary component for the job holder.

29.     When Mr. Moriarty questioned Aberdeen's executives why he was by-passed for the position in favor of Mr. Tan, he was met with a number of age and age-related comments.

30.     For example, Andrew Smith, then the North American co-COO of Aberdeen, asked Mr. Moriarty his age and then said  "we didn't know how long you wanted to do this."   In a later conversation, Mr. Smith explained to Mr. Moriarty that he had asked about his age because Mr. Moriarty  "looked older than he was."

31.     In another conversation, Gary Marshall, then the CEO of Aberdeen Americas, told Mr. Moriarty that Mr. Tan was the youngest of the candidates considered and therefore  "would be in place the longest."

32.     In yet another conversation, this one in the presence of both Mr. Moriarty and Steve Cianci, another Senior Portfolio Manager, Mr. Tan himself stated that Aberdeen was in the process of  "targeting older people"  for job separations.

33.     Indeed, in 2014, during reductions in its workforce, Aberdeen did target older workers for layoffs, including David Prince and William Lissenden.

34.     Following his non-selection for the position as Head of North American Fixed Income, Mr. Moriarty filed a written complaint of age discrimination with Aberdeen's Human Resources Department.

35.     In response to his complaint, Mr. Moriarty was subjected to acts of retaliation and a hostile work environment by Aberdeen.

36.     For example, Brad Crombie, Aberdeen's Global Head of Fixed Income, told him he was not a good "cultural fit at Aberdeen."

37.     Mr. Crombie also told Mr. Moriarty that he was an "asshole" and was disliked by Aberdeen's management board and by his own colleagues.

38.     Apart from these unwarranted comments, Andrew Smith, who by then had been promoted as Aberdeen's co-CEO for its North America business, marginalized and diminished Mr. Moriarty's role in retaliation for his age discrimination complaint.

39.     Specifically, Mr. Smith restricted the clients Mr. Moriarty could visit, forbade him from attending client meetings with Steve Cianci (with whom Mr. Moriarty had been paired in the past) and otherwise diminished his day-to-day duties and responsibilities.

40.     Among the other acts of retaliation he suffered, Mr. Moriarty was excluded from major business meetings, denied the opportunity to take part in significant business strategies and kept out of due diligence discussions and decisions related to business acquisitions in which he otherwise should have been involved.

41.     No other Senior Portfolio Manager was treated to the same adverse conditions at work as those to which Aberdeen subjected Mr. Moriarty.

42.     Mr. Moriarty drew these acts of retaliation to the attention of Aberdeen's Human Resources Department, but nothing was done to resolve or remedy either that complaint or his prior internal complaint of age discrimination.

## STATEMENT OF CLAIMS

### COUNT I:
### FIRST VIOLATION OF THE ADEA

43.     Mr. Moriarty incorporates by reference each of the allegations set out in paragraphs 1 through 42 of his Complaint.

44.     By denying Mr. Moriarty a promotion to the position of Head of North American Fixed Income on account of his age, Aberdeen violated Section 4(a)(1) of the ADEA, 29 U.S.C.§ 623(a)(1).

45.     Aberdeen's refusal to promote Mr. Moriarty to that position was done willfully and in reckless disregard of his rights under the ADEA.

46.     As a direct and proximate result of Aberdeen's violation of his ADEA rights, Mr. Moriarty has suffered a loss of earnings including, but not limited to, a loss of wages, bonuses, deferred compensation and other benefits of employment to which he was otherwise legally entitled.

### COUNT II:
### FIRST VIOLATION OF THE PHRA

47.     Mr. Moriarty incorporates by reference each of the allegations set out in paragraphs 1 through 46 of his Complaint.

48.     By denying Mr. Moriarty a promotion to the position of Head of North American Fixed Income on account of his age, Aberdeen violated Section 5(a) of the PHRA, 43 Pa.C.S.A. § 955(a).

49.     Aberdeen's refusal to promote Mr. Moriarty to that position was done willfully and in reckless disregard of his rights under the PHRA.

50.     As a direct and proximate result of Aberdeen's violation of his PHRA rights, Mr. Moriarty has suffered a loss of earnings including, but not limited to, a loss of wages, bonuses, deferred compensation and other benefits of employment to which he was otherwise legally entitled.

51.     As a further direct and proximate result of Aberdeen's violation of his rights under the PHRA, Mr. Moriarty has suffered physical pain and sickness, emotional distress, humiliation, harm to his reputation, loss of self-esteem and loss of enjoyment of life's pleasures.

## COUNT III:
## SECOND VIOLATION OF THE ADEA

52.     Mr. Moriarty incorporates by reference each of the allegations set out in paragraphs 1 through 51 of his Complaint.

53.     By engaging in acts of retaliation against Mr. Moriarty in reprisal for his internal complaint of age discrimination, Aberdeen violated Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

54.     Aberdeen's acts of retaliation against Mr. Moriarty were undertaken willfully and in reckless violation of his ADEA rights.

55.     As a direct and proximate result of Aberdeen's acts of retaliation, Mr. Moriarty has suffered a loss of earnings including, but not limited to, a loss of wages, bonuses, deferred compensation and other benefits of employment to which he was otherwise legally entitled.

## COUNT IV:
## SECOND VIOLATION OF THE PHRA

56.     Mr. Moriarty incorporates by reference each of the allegations set out in paragraphs 1 through 55 of his Complaint.

57.     By engaging in acts of retaliation against Mr. Moriarty in reprisal for his internal complaint of age discrimination, Aberdeen violated Section 5(d) of the PHRA, 43 Pa.C.S.A. § 955(d).

58.     Aberdeen's acts of retaliation against Mr. Moriarty were undertaken willfully and in reckless violation of his PHRA rights.

59.     As a direct and proximate result of Aberdeen's acts of retaliation, Mr. Moriarty has suffered a loss of earnings including, but not limited to, a loss of wages, bonuses, deferred compensation and other benefits of employment to which he was otherwise legally entitled.

60.     As a further direct and proximate result of Aberdeen's acts of retaliation, Mr. Moriarty has suffered physical pain and sickness, emotional distress, humiliation, harm to his reputation, loss of self-esteem and loss of the employment of life's pleasures.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Neil J. Moriarty respectfully requests that the Court enter judgment in his favor and against defendant Aberdeen, and to include in its judgment the following relief:

a)      Back pay and prejudgment interest;

b)      Liquidated damages in twice the amount of the back pay award as authorized by the ADEA;

c)      Compensatory damages for all his non-economic injuries as authorized by the PHRA;

d)      To the extent feasible, an injunction ordering Aberdeen to promote him to the position of Head of North American Fixed Income;

e)      To the extent the promotion is deemed not to be feasible, an award of front pay;

f)      An award of reasonable counsel fees and costs; and

g)      Such other legal and equitable relief as may be just and proper under the circumstances.

## **JURY DEMAND**

Mr. Moriarty demands a trial by jury on all the legal claims set out in his

Complaint.


RAYNES McCARTY

By: _Harold I. Goodman_____

Harold I. Goodman, Esquire
Amber M. Racine, Esquire
1845 Walnut Street
20th Floor
Philadelphia, PA 19103
215 - 568 - 6190

Attorneys for Plaintiff Neil J. Moriarty

Dated:  December 22, 2015

13

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Neil J. Moriarty
1275 Farm Road
Berwyn, PA 19312

**(b)** County of Residence of First Listed Plaintiff __Chester County__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harold I. Goodman, Esq. / Amber M. Racine, Esquire
Raynes McCarty, 1845 Walnut Street, 20th Floor, Philadelphia, PA
19103 - Telephone No.: 215-568-6190

## DEFENDANTS
Aberdeen Asset Management PLC
1734 Market Street, 32nd Floor
Philadelphia, PA 19103

County of Residence of First Listed Defendant __Philadelphia County__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | **LABOR** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | ❏ 865 RSI (405(g)) | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA, 29 U.S.C. §§621 et seq
Brief description of cause:
Mr. Moriarty was denied a promotion by Aberdeen Asset Management and then subject to retaliation.

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
12/22/2015

SIGNATURE OF ATTORNEY OF RECORD
*Harold I. Goodman*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Neil J. Moriarty | : | CIVIL ACTION |
| v. | : | |
| Aberdeen Asset Management, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　 and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　 exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　 commonly referred to as complex and that need special or intense management by
　　 the court.  (See reverse side of this form for a detailed explanation of special
　　 management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X  )

| | | |
|---|---|---|
| __12/22/2015__ | _Donald L. Goodman_ | __Neil J. Moriarty__ |
| **Date** | **Attorney-at-law** | **Attorney for  Plaintiff** |
| 215-568-6190 | __215-988-0618__ | higoodman@raynesmccarty.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1275 Farm Road, Berwyn, PA 19312

Address of Defendant: 1734 Market Street, 32nd Floor, Philadelphia, PA  19103

Place of Accident, Incident or Transaction: 1734 Market Street, 32nd Floor, Philadelphia, PA 19103

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Yes ☐  No X
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?　　　　　　　　　　　　　　　　　Yes ☐  No X

*RELATED CASE IF ANY*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Yes ☐  No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　　　　　　　　　　　　　　　　　　Yes ☐  No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　　　　　　　　　　　　　　Yes ☐  No ☐

CIVIL:  (Place ✔ in  ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All Other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  Harold I. Goodman, Esquire  , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

**DATE:** 12/22/2015　　*(signature)*　　12535 PA

Attorney-at-Law　　　　　　　　Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 12/22/2015　　*(signature)*　　12535 PA

Attorney-at-Law　　　　　　　　Attorney I.D. #